# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE MARIE SMAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-911 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court are the MOTION FOR SUMMARY JUDGMENT filed by the Commissioner of Social Security (Document No. 8) and the MOTION FOR SUMMARY JUDGMENT filed by Plaintiff, Rose Marie Smail (Document No. 10). The motions have been thoroughly briefed and are ripe for disposition.

Acting pursuant to 42 U.S.C. § 1383(c), which incorporates § 405(g), Rose Marie Smail ("Smail" or "plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") disallowing her claim for supplemental security income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.

Plaintiff was born on September 29, 1950. (R. 24). She did not finish high school, but did acquire her GED in 1997. (R. 84). Her only relevant work experience established in the record is as a caregiver, from 1998 until March of 2001. (R. 79). The record reflects that plaintiff has not engaged in substantial gainful activity since then. (R. 76).

Plaintiff filed a protective claim for SSI on January 31, 2005, in which she asserted disability resulting from pain in her arms and legs, with an alleged onset date of January 2, 2004. (R. 60, 76-78). Additionally, plaintiff contends that a depressive disorder is also a factor in her inability to engage in substantial gainful activity. (R. 81-82, 344-47). Plaintiff's claims were denied on initial review, and she requested a hearing. (R. 31-35, 38). A hearing was held before an Administrative Law Judge ("ALJ") on May 1, 2006, in Latrobe, Pennsylvania, during which

claimant was represented by counsel and appeared and testified. (R. 315-356). A vocational expert ("VE") was also appeared and testified. *Id*.

On September 26, 2006, the ALJ rendered an unfavorable decision regarding plaintiff's claims, finding that she was able to perform a range of modified medium work and that jobs suitable for plaintiff, considering her impairments, existed in the national economy.[1] The ALJ concluded, therefore, that plaintiff was not disabled under the Act.[2] (R. 9-19). On May 4, 2007, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (R. 4-6). Administrative remedies have been exhausted.

This court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 108 S.Ct. 2541, 2545 (1988). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically

---

[1] For purposes of the Act, work "exists in the national economy" if it "exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). "The ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

[2] An individual is considered to be "disabled" if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also 42 U.S.C. § 423(d)(1)(A)(using almost identical language).

determinable basis for an impairment that prevents [her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health and Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); 42 U.S.C. §§ 423(d)(1), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To support his ultimate findings, the Commissioner must do more than simply state factual conclusions. He must make specific findings of fact. *Stewart v. Secretary of HEW*, 714 F.2d 287, 290 (3d Cir. 1983). An administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether

3

the claimant is capable of performing other jobs existing in significant numbers in
the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003)(footnotes omitted). Hence, as a general matter, a claimant seeking benefits under the Act may establish the existence of a statutory disability by (1) introducing medical evidence that she is *per se* disabled as a result of an impairment appearing in the Listing of Impairments or (2) demonstrating that the functional limitations caused by her impairments effectively preclude her from returning to her past relevant work and from performing other jobs existing in significant numbers in the national economy. *Stunkard*, 849 F.2d at 59.

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Securities & Exchange Commission v. Chenery Corporation*, 332 U.S. 194, 196 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the court's review is limited to the four corners of the ALJ's decision.

Plaintiff asserts error in the ALJ's decision in that the finding that plaintiff is capable of performing medium work is inconsistent with the medical evidence in the record which shows that plaintiff suffers from back, hip, leg and knee pain which causes her to have difficulty with standing, walking and balance. Plaintiff argues that the residual functional capacity[3] ("RFC")

---

[3]Residual functional capacity is "what [the claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a).

assessment (i.e. that plaintiff was capable of performing medium exertion work) was results-oriented. Plaintiff points out that a finding that she was capable of performing only light or sedentary work would, considering other factors, mandate an award of benefits under the grids. Plaintiff further alleges error in the ALJ's reliance on the opinion of a state agency non-doctor, a cardiac examination not targeted to plaintiff's primary complaints, and the ALJ's analysis of plaintiff's daily activities to support his conclusion.

As set forth in the Act and applicable case law, and as stated above, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center*, 806 F.2d at 1190. The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm's of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

The ALJ did consider each of plaintiff's physical and mental impairments and did provide a detailed analysis of the medical reports relevant to each in making his determination, as reflected in the record. (R. 14-16). These findings include an analysis of plaintiff's back, hip, leg and knee pain. *Id*. After reviewing the record medical evidence, the ALJ determined that plaintiff suffered from the severe impairments of bilateral hip osteoarthritis, mild bilateral knee osteoarthritis and a degree of L4/5 and L5/S1 degenerative disease. (R.14). The ALJ likewise considered plaintiff's non-Insulin dependent diabetes mellitus, hypertension, depressive disorder and right arm difficulty, and specifically found that these impairments were not severe. (R. 14). After conducting a comprehensive analysis, the ALJ found that plaintiff's impairments neither met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926), nor did said impairments preclude plaintiff from performing a range of modified medium work on a sustained basis. (R. 16). The ALJ noted that plaintiff's difficulties are well controlled with her prescribed regimen of medications and treatment and that plaintiff's difficulties were not a significant factor in limiting her ability to perform basic work activities. (R. 14). The ALJ addressed each of the medical reports in plaintiff's record, and in each instance found support for his conclusion. (R. 14-16). Of particular note, the ALJ discussed the reports of plaintiff's treating physicians and observed that the reports indicated continuous improvement of plaintiff's maladies. *Id*. The ALJ also

seemed incredulous of the need for plaintiff to be prescribed a cane. (R. 16). Interestingly, other than the prescription, there is no medical evidence in the record to indicate that plaintiff's ability to perambulate is compromised. Furthermore, the record is devoid of any medical opinion evidence which limits or restricts plaintiff's activities in a manner indicative of plaintiff's inability to work. Plaintiff urges that the objective medical evidence of record necessitates reaching the antithetical result. The ALJ's decision, however, is predicated upon his analysis of the evidence contained in the record. This court cannot conclude that the evidence is not substantial. Nor can it be said that the ALJ's conclusion is unreasonable. Accordingly, it is not the province of this court to disturb those findings on review, but rather to defer to the ALJ's decision when those findings are supported by substantial evidence. See *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)(quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

In arriving at the determination of plaintiff's RFC and the conclusion that she is capable of performing medium work, the ALJ considered all of plaintiff's symptoms that are reasonably supported by the objective medical evidence and other evidence contained in the record. (R. 17). Mark Gottron, D.O., examined plaintiff on June 30, 2005, and completed a Statement of Claimant's Ability to Perform Work-Related Physical Activities (Exh. 8F) which indicates that there are "no limitations" on her ability to lift, carry, stand, walk, and other physical functions. The ALJ found that plaintiff's subjective reports of the intensity, duration and limitations of her impairments were not entirely credible. *Id*. An ALJ is not required to give considerable weight to subjective complaints that are not supported by objective medical evidence. See *Schaudeck*, 181 F.3d at 433. The ALJ evaluated plaintiff's self-reported daily activities as being in contradistinction to plaintiff's claim of total disability. (R. 17). The ALJ also gave consideration to the state Disability Determination Service report which concluded that plaintiff's exertional RFC established that plaintiff was capable of performing medium work with some moderate limitations, and that the RFC assessment was consistent with the entire evidence of record. *Id*. Additionally, the ALJ noted that ultimate determinations of disability were the prerogative of the Commissioner. *Id*.

Plaintiff asserts that the ALJ's findings which pertain to plaintiff's degree of disability were based only upon the opinion of a state agency non-doctor (an "adjudicator"), a cardiac examination not directed to plaintiff's primary complaints and an erroneous conclusion drawn from a dubious correlation between plaintiff's self-reported daily activities and plaintiff's ability to engage in work activity. Initially, the court again notes that the ALJ's decision was based on a comprehensive analysis of the evidence of record, and there is nothing in the ALJ's decision that even suggests that the opinion of the adjudicator, the cardiac exam and plaintiff's daily activities were the sole basis for the adverse decision, nor is there support for the proposition that these factors were accorded greater weight than other evidence in the record in arriving at the decision in plaintiff's case. Plaintiff's misguided argument belies an even cursory, much less critical, reading of the ALJ's decision. In a seven page report, the ALJ refers to the cardiac exam briefly three times[4] and not specifically to the opinion of the adjudicator,[5] except to the extent that consideration was given to all of the evidence of record. The ALJ does evaluate plaintiff's daily activities, in combination with other factors, in making his RFC determination and notes the contrast between those activities and plaintiff's allegations of disabling pain, which the ALJ found to be only partially credible. Discrepancies between subjective complaints and a claimant's daily activities allow an ALJ to conclude that plaintiff's allegations of subjective limitations or symptoms are somewhat lacking in authenticity. See *Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002). The ALJ properly excluded limitations which were found to be less than credible from the RFC. *Id*. Furthermore, plaintiff bears the burden of showing that she lacks the RFC ascribed by the ALJ. See *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). Despite plaintiff's insistence that these activities are inconsistent with an ability to engage in work activity, plaintiff points to no specific medical evidence to support her position. This court finds the ALJ's conclusion that plaintiff could, despite her impairments, perform tasks commensurate with medium level work activities, subject to the limitations described by the ALJ, is reasonable and adequately supported by substantial evidence.

---

[4]The cardiac exam is the subject of a three sentence paragraph on page three of the ALJ's decision, is referenced very briefly in a sentence on page five, and is also the subject of a two sentence paragraph on page five.

[5](Ex. 5E; R. 118-123).

7

Plaintiff argues, or at least implies, that the ALJ's RFC assessment was borne of the circumstance that finding a lesser exertional RFC would necessitate an award of benefits. Plaintiff, however, points to no evidence of record to refute the veracity of the ALJ's RFC determination. While it is true that had the ALJ found plaintiff incapable of performing medium work under the guidelines of 20 C.F.R. Part 404, Subpt. P, App. 2 a determination of "disabled" would have been required, this happenstance is of no moment. As has been stated, the ALJ reached his conclusion as to plaintiff's RFC based upon a thorough review of the record evidence. The ultimate determination of a claimant's RFC is a responsibility reserved to the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927(e)(2), 416.946. Furthermore, this court will not accept an insinuation that the ALJ predicated his RFC appraisement on a calculated scheme designed to frustrate an award of benefits to plaintiff. The record reflects that the ALJ's RFC assessment was based upon a consummate review of the evidence and reliance upon the guidelines embodied in the regulations. Plaintiff has offered no evidence, and the court can find none, to support a finding that this conclusion was inaccurate.

The ALJ further found that a significant number of jobs exist in the national economy that plaintiff can perform, considering her age, education, work experience and RFC and considering other limitations alleged by plaintiff. (R. 18). The ALJ based his determination on the testimony of the VE that, given a hypothetical individual of plaintiff's experience and limitations, jobs do exist in the national and local economies that such an individual could perform on a sustained basis. *Id*. These jobs included equipment washer and laundry bagger. *Id*. The VE also testified that such an individual would be capable of performing the light occupations of cleaner-polisher and photographic machine operator, and the sedentary occupations of type copy examiner and electrical device patcher. *Id*. Additional questions imputing greater functional limitations to plaintiff answered by the VE were discounted by the ALJ because he found those alleged functional limitations were not supported by the record. *Id*. The ALJ ultimately concluded, therefore, that plaintiff has not been under a disability, as defined by the Social Security Act, during any time relevant to the determination. This court finds the decision of the ALJ to be well-reasoned and supported by substantial evidence.

For all of the foregoing reasons, the decision of the ALJ is affirmed, and the MOTION FOR SUMMARY JUDGMENT filed by the Commissioner of Social Security (Document No. 8) is **GRANTED** and the MOTION FOR SUMMARY JUDGMENT filed by Plaintiff, Rose Marie Smail (Document No. 10) is **DENIED**. This case will be docketed closed.

SO ORDERED this 7th day of May, 2008

BY THE COURT:


/s Terrence F. McVerry
United States District Court Judge


cc: Karl E. Osterhout, II, Esq.
1789 S. Braddock Avenue, Suite 570
Pittsburgh, PA 15218
*for the plaintiff*

Jessica Lieber Smolar
Assistant United States Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
*for the Commissioner*